TIMOTHY J. WALSH (69509)
ATTORNEY AT LAW
710 MISSOURI ST. SUITE 3
FAIRFIELD, CA. 94533
TEL: 707 429-1990
FAX: 707 429-1998
FFLAW@COMCAST.NET
ATTORNEY FOR PLAINTIFF KIMBERLY MARIE WINK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

Case No.:

KIMBERLY MARIE WINK

   Plaintiff

Vs.

CIGNA GROUP INSURANCE, aka CIGNA

LIFE INSURANCE, LIFE INSURANCE

COMPANY OF NORTH AMERICA,

DOES 1-10,

   Defendants.

PLAINTIFF'S COMPLAINT FOR MONEY DAMAGES FOR BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT OF GOOD FAITH

28U.S.C.1332

PLAINTIFF'S COMPLAINT FOR MONEY DAMAGES FOR BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT OF GOOD FAITH.

### JURISDICTION

1]    The Court has original jurisdiction of this action based upon diversity of citizenship (28U.S.C. 1332), as the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

VENUE

2]       Venue is proper in the Eastern District of California pursuant to 28 U.S.C. 1391, because defendants, Cigna Group Insurance, aka Cigna Life Insurance, Life Insurance Company of North America, are subject to personal jurisdiction in this judicial district, in that said defendants sold and maintained a certain insurance policy for "Group Business Travel Accidental Death" insurance benefits, within this district, and specifically to insure the accidental death of Steven Christopher Wink, who died on August 19, 2020, within this district, and, that, a substantial part of the alleged events or omissions giving rise to this lawsuit occurred in the Eastern District of California, specifically the "LNU LIGHTENING COMPLEX FIRE", hereinafter referred to as the "wild fire," which caused the death of the insured Steven Christopher Wink, as alleged herein, occurred within the County of Solano, State of California.

SUBJECT MATTER JURISDICTION

3]       Defendants issued a Life Insurance policy # ABL637340, to insure the life of plaintiff's now deceased husband, Steven Christopher Wink. This policy was issued within the State of California, to insure the loss by death of the deceased, within the State of California.

The plaintiff, Kimberly Marie Wink, hereinafter referred to as the plaintiff, is the spouse of the deceased Steven Christopher Wink, and as such is the beneficiary of the insurance policy, the subject of this action.

The plaintiff, Kimberly Marie Wink, timely submitted her claim for benefits, to the defendants. The defendants denied payment of the plaintiff's claim.

The plaintiff claims that her loss, the death of PG&E employee Steven Christopher Wink, her husband, the insured, occurred in Solano County, near Vacaville, California, as a result of an accident, as contemplated, and described in the policy of insurance, issued by the defendants, and that as a result thereof, the defendants, and each of them are obligated to pay her claim for damages resulting from that fire.

At the time of the incident, leading to the insurance claim, the actions and activities of the deceased, leading to the death of the deceased, occurred in Solano County State of California.

PARTIES TO THE ACTION

4]      Plaintiff, Kimberly Marie Wink, a widow due to the death of her husband, Steven Christopher Wink, is a person residing in the State of California, married to the deceased Steven Christopher Wink, at the time of his death.

Defendants Cigna Group Insurance, aka Cigna Life Insurance Company, and Life Insurance Company of North America, are all out of state registered insurers, are licensed to do business in the State of California, have issued the underlying policy, and assumed the duty of "adjusting" the claim of plaintiff, in good faith.

5]      The true names and capacities of the defendants, named herein as Does 1-10, are unknown to plaintiffs, are believed to be responsible, in some way, for the plaintiffs' claims of loss and/or damages. Each of these defendants were, and at all times herein mentioned, are, a partner, agent, principal, joint venturer, co-conspirator, and /or otherwise vicariously or directly responsible for the acts or omissions of the remaining defendants, or of themselves, and are sued herein individually and are joined as party defendants to this action. These defendants are sued by such fictitious names pursuant to section 474 of the California code of Civil Procedure.

Plaintiff is informed and believes that the Doe defendants are domiciled in California or have systematic and continuous contacts to the State of California. Plaintiff will amend this complaint to show such true names and capacities of Doe defendants as they become known to the plaintiff through the course of litigation.

PERSONAL JURISDICTION

6]      Plaintiff asserts and incorporate herein by reference the allegations, in their entirety, those set forth in paragraphs 1-5 as though fully stated herein.

Defendants, out of state entities that have purposefully directed their activities at the State of California, or, have purposefully availed themselves of the privilege of conducting activities within the State of California, *Vons Companies Inc v. Seabest Foods Inc.* (1996) 14CAL.4th434).

STATEMENT OF FACTS

7]     At some time, prior to the death of decedent, Steve Christopher Wink, his employer, Pacific Gas & Electric Company, had procured, from defendants, a "Group Business Travel Accidental Death" insurance policy, # ABL637340, hereinafter designated as the " Policy". This policy was issued specifically to insure employees of Pacific Gas & Electric, while engaged in work experience requiring "travel" within the service area of Pacific Gas & Electric. Pacific Gas & Electric maintained the cost of this policy on behalf of it's employees, including the deceased, Steven Christopher Wink.

The deceased is specifically covered by this Policy.  The deceased's work experience is contemplated by the terms of the policy, specifically, the deceased was employed as a "Trouble Man", generally assigned to service needs of customers of Pacific Gas & Electric, in this instance, specifically deployed to serve the needs of customers caused by the "wild fire", so described by Cal Fire and other governmental agencies, in and around Solano County.

8]     The Incident, fire, subject of this action, began on August 17, 2020, and lasted for several days. The deceased died while on duty on August 19, 2020, during, and upon the territory of the wild fire, in Solano County California.

At time of the death of the deceased Steven Wink, the deceased had been dispatched to, and operating, the PG&E utility truck on Gates Canyon Road, in Solano County, near Vacaville.

The decedent was "found down by coworkers", in his work truck, on Gates Canyon Road. The "Chief complaint from the nursing triage further states, BIBA found down in PG&E vehicle by coworkers". "coworkers did CPR for 22 minutes, medics found pt in Asystole on arrival. Medics called base station with time of death called at 1600 "hot scene, medics emotional" and "pt brought to ED"

At the time of death, decedent's body suffered extreme exhaustion, extreme outside temperatures, smoke inhalation, lack of oxygen, other bodily injury, being struck by an electrical wire, and from damage to his truck, resulting in what the emergency room physician states as "Cessation of Cardiopulmonary Function", resulting in "Cardiac Arrest".

1   The deceased's injury, and subsequent death, was caused by the environmental

2   conditions, a specific occurrence, and physical activity within the course and scope of his

3   employment with Pacific Gas & Electric. The deceased's injury and subsequent death were

4   caused by conditions, specifically contemplated by and insured by the defendants' "Accidental

5   Death and Dismemberment Insurance Policy".

6

7   9]   Defendants, and each of them, are liable by contract of insurance, to pay claim of plaintiff

8   Kimberly Marie Wink. This claim is one for benefits under the accidental death provisions of the

9   policy.

10   Jerry Lunanuova, was an employee of defendant Cigna, at the time plaintiff submitted her

11   claim for benefits. Mr. Lunanuova and was assigned by Cigna, to act as it's agent, to "adjust" the

12   claim of the plaintiffs.

13   Acts complained of by the plaintiff, were conducted by defendant Cigna, through its

14   employee, Jerry Lunanuova.  At all times Jerry Lunanuova was acting within the course and

15   scope of his employment at Cigna, and under the guidance and supervision of various

16   supervisors, also employed at defendant Cigna, or Life Insurance Company of New York, all

17   acting within the course and scope of their employment, at the direction of defendant Life

18   Insurance Company of New York.

19   In so doing, Cigna, and the defendants, acting through the adjuster Jerry Lunanuova,

20   failed to properly investigate the claim of the plaintiffs, in good faith, determining, without

21   cause, that the unpaid claim is not covered by the policy, stating that:

22   "Despite CPR being performed, he passed away and it was determined that his death was

23   due to severe coronary arteriosclerosis with no external event causing his death. Since his death

24   was not due to an external event and was contributed to by his disease, sickness or bodily

25   infirmity, no Covered Accident, as defined by the policy occurred, and no benefits were payable.

26   In addition, the policy specifically excludes payment of benefits for a loss which, directly, or

27   indirectly, in whole or in part, is caused by or results from sickness, disease or bodily infirmity.

28   Since it was determined that his death was due to his severe coronary arteriosclerosis, his

sickness, disease or bodily infirmity, his death was directly or indirectly, in whole or in part, caused by or resulted from his sickness, disease or bodily infirmity, and payment of the benefit is specifically excluded"

10]     Defendants, and each of them, and Does 1-10 breached the contract to pay the claim of plaintiff.

Defendants, and each of them, and Does 1-10, failed to honor the terms of the contract of insurance, by failing to investigate in good faith, and failing to act in good faith, by refusing to pay the plaintiff's claim.

FIRST CAUSE OF ACTION

(BREACH OF CONTRACT)

(Cal Civ. Code 1550)

11]     Plaintiff incorporates paragraphs 1-10 , herein, as if they were stated in full length.

"The essential elements of a claim of breach of contract, whether express or implied, are the contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and the resulting damages to plaintiff". San Mateo Union High School District. V. County of San Mateo (2013) 213Cal.App4th 418, 439.

12]     Plaintiff and defendants entered into a valid and binding contract to insure the life of Steven Christopher Wink, on account of accidental death. The deceased died as contemplated, by accidental cause, while in the employ of Pacific Gas & Electric. Plaintiff and deceased, through deceased's employer, Pacific Gas & Electric, paid premiums, as required for this policy of insurance.  In exchange for the payments, defendants agreed to provide insurance coverage for the incidents such as this Claim, subject of this action.

Plaintiff, and her deceased husband, fully performed according to the terms and conditions of the contract. Plaintiff filed a Claim, to Cigna, as instructed by the Cigna, the insurer, fully stating the claim resulting from the accidental death during the wild fire. Plaintiff

responded to all of the inquires of the defendants and otherwise fully cooperated with defendants concerning requests for information regarding the claim, providing all of the details of the claim to the best of her ability.

13]     On September 8, 2021, defendants, and each of them, and Does 1-10, breached the contract, by denying the claim made by plaintiff, as widow of the insured deceased, Steven Christopher Wink.

        As a direct and proximate result of the defendants' denial of the plaintiffs' claim, plaintiffs suffer monetary damage in the amount in excess of $600,000.00.

        WHEREFORE, Plaintiff prays for damages as requested herein below.

## SECOND CAUSE OF ACTION
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH)

14]     Plaintiff incorporates paragraphs1 through 13, as if fully set forth herein.

15]     Every contract imposes on each party an implied duty of good faith and fair dealing. *Progressive West Inc. Co. v Yolo County Sup Court* (2005) 135 Cal.App 4th 263. The burden imposed is "that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. *Id.* at 267.

        A "breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself", and it has been held that "bad faith implies unfair dealing rather than mistaken judgment". A breach of the implied covenant requires (1) a contractual relationship with the insurance company, (2) showing that benefits are owned under the policy; and (3) the insurance company's withholding of benefits is unreasonable or without proper cause. *Id* at 278 .

7

Further, an insurer may breach the covenant of good faith and fair dealing when it fails to properly investigate its insured's claim." (*Egan v. Mutual of Omaha Insurance Co.* (1979)24Cal.3d809,817 [169Cal.Rptr.691,  620 P.2d141).

17]     As established supra, Plaintiff and Defendants were in a contractual relationship for Accidental Life Insurance, specifically upon the life of the deceased Steven Christopher Wink.

18]     As established supra, the damage due to the death of Steven Christopher Wink, caused by the work related accident, was covered by the insurance policy and said monetary benefits are now owed to Plaintiff.

19]     Defendants' justification that the claim was denied due to a conclusion that the loss "was not covered by the Accidental Death Policy", was made in bad faith.

20]     Defendants failed to properly investigate the claim to find the loss to be covered. Rather, Defendants summarily denied the claim as not arising from a covered clause, when there is and was in fact, coverage, as per the terms of the insurance policy.

21]     Defendants further failed to comply with their duties to investigate the evidence relating to the death of the deceased.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against each, and every, all and singular, the named defendants, for the following:

1]     For actual and/or compensatory damages in the amount in excess of $600,000.00, according to proof;

2]     For incidental damages in a sum certain amount according to proof;

3]     For consequential damages in a sum certain amount according to proof at trial;

4]     For punitive damages in an amount to be determined at trial for those actions of Defendants amounting to Breach of the Implied Covenant of Good Faith, and Fair Dealing. (*Campbell v. Superior Court* (1996) 44CAL.APP.4TH 1308,1320).

5]     For punitive damages in an amount to be determined at trial for those actions of Defendants amounting to malice, oppression, and/or fraud. Cal.Civ.Code3294.

6]     For interest to be charged and applied to any and all damages awarded at the statutory rate of ten percent pursuant to California Civil Code sections 3289, subdivision (b) and 3302.

7]     For the court to award costs and fees incurred by plaintiff as a result of having to commence this action.

8]     For such other and further relief the Court deems just, fair and equitable.

Respectfully submitted:

Dated: 2-9-2022

_____
Timothy J. Walsh, Attorney a Law